IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED

2022 MAR 28 AM 11: 02

PETER SEYMOUR,

Plaintiff,

PETER OPPEN  JR
CLERK US DIST  CT
WD

-v-

Case No.:# _____

GEORGIA KOSTCHYZ, DR. MARTIN,
KRISTINE PRALLE, JOHN/JANE DOE #1,
DARIN K, and DEBRA TIBQUIST,
        Defendants.

## CIVIL COMPLAINT UNDER 42 U.S.C. § 1983
### (JURY TRIAL DEMANDED)
PLAINTIFF CERTIFY AND VERIFY INFORMATION HEREIN IS TRUE AND CORRECT UNDER PENALTY OF PERJURY

### SUMMARY OF CASE
Plaintiff, PETER SEYMOUR, alleges that several individuals employed by the Wisconsin Department of Corrections, violated his protected Eighth Amendment and Wisconsin State law rights by denying him adequate medical care which resulted in needless pain and suffering and permanent right knee and leg damage. Seymour seeks to pursue deliberate indifference and negligence claims against each of the defendants mentioned above.

### JURISDICTION
1.  This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and 1343 (a) (3).

2.  Venue is the U.S. District Court for the Western District of Wisconsin is proper pursuant to U.S.C. § 1391 (b).

3.  Plaintiff certify and verify this Complaint.

### PARTIES
4.  Plaintiff PETER SEYMOUR, is and was at all times mentioned in this Complaint a prisoner of the State of Wisconsin, in the physical custody of the Wisconsin Department of Corrections ("DOC"). He is currently confined at the Redgranite Correctional Institution ("RGCI"), located at: 1006 County Road EE, (P.O. BOX 925), Redgranite, Wisconsin

54970.

5.   Defendant **GEORGIA KOSTCHYZ,** was a Registered Nurse ("R.N"), at Jackson Correctional Institution, ("JCI").

6.   Defendant **MARTIN,** (first name unknown), is a Doctor ("DR."), at JCI.

7.   Defendant **KRISTINE PRALLE,** is a R.N at JCI.

8.   Defendant **JOHN/JANE DOE #1,** (first and last name unknown) is a medical staff person at JCI.

9.   Defendant **DARIN,** (last name unknown), is the Physical Therapist ("PT"), at JCI.

10.)   Defendant **DEBRA TIBQUIST,** is a Nurse Practitioner at JCI.

11.)   All defendants have acted and continue to act under color of State law at all times relevant to this Complaint.


## STATEMENT OF FACTS

12.   On or about January 16, 2017 the Plaintiff contacted the Health Service Unit ("HSU"), in order to report a "swollen" right knee that was causing him a great deal of pain. Two days later, he was called to the HSU and examined by R.N Kostchyz. R.N Kostchyz essentially informed the Plaintiff that she did not see anything wrong. But in reality, his knee was extremely discolored and swollen. Kostchyz stated that she would provide the Plaintiff with an Ice bag and brace, but never did.

13.   On February 2, 2017 the Plaintiff's sister called the facility and spoke to a member of the HSU staff concerning the failure to provide the proper standard of care in response to her brother's right knee complaints. HSU staff informed the sister that they were not permitted to discuss Mr. Seymour's health information.

14.   On February 9, 2017 the Plaintiff forwarded another Health Service Request ("HSR"), to HSU complaing about his right knee pain and the fact that R.N Kostchyz basically refused to treat him.

15.   On February 11, 2017 R.N Kostchyz called the Plaintiff down to again say that she did not believe that anything was wrong with his right knee when there was obvious swelling.

16.   On May 17, 2017 the Plaintiff again forwarded a HSR to HSU complaining about his right knee pain and that he was informed by R.N Kostchyz to reach out to HSU if he continued to suffer issues with that knee. R.N Pralle responded to this HSR stating that the Plaintiff was scheduled to see DR. Martin at the end of the month. Plaintiff also inquired into the possibility of getting an MRI of the right knee.

17.   On June 4, 2017 the Plaintiff again forwarded another HSR to HSU complaining of pain and stating that HSU said that he would be seen at the end of the month but he was not seen. Yet again R.N Kostchyz responded to this HSR stating verbatim: "You are scheduled this month."

18.   On July 18, 2017 the Plaintiff yet again sent a HSR to HSU stating verbatim:

> (BOLD)
> "HELLO, HELLO, CAN ANYONE HEAR ME...I BEEN NEGLECTED NOW FOR FOUR STRAIGHT MONTHS. YOU TOLD ME EVERY MONTH FOR THE LAST 4 MONTHS THAT I WAS SCHEDULED TO SEE THE DOCTOR. WHY AM I BEING DENIED MEDICAL TREATMENT..?"

Some medical person in the HSU who name is not legible responded to this HSR stating verbatim: "You are on the schedule for this month to see the provider." Plaintiff was not seen as promised.

19.   Approximately in early August 2017, Plaintiff reached out to the Unit Manager complaining about being denied medical care for his right knee. The Unit Manager called HSU twice, they informed him that the Plaintiff would be seen, however he was not seen.

20.   On August 22, 2017 the Plaintiff submitted an institutional complaint, (#JCI-2017-21387), stating that he was being denied care. This complaint was "AFFIRMED" on September 11, 2017. The reason the ICE affirmed this complaint was because it acknowledged the Plaintiff had

-3-

not been seen by HSU for over three months. The ICE concluded HSU had cancelled and rescheduled the Plaintiff's appointments without any reasonable justification.

21. Sometime at the end of August the Plaintiff was seen by R.N Kostchyz again. She told the Plaintiff since he had went over her head to the Unit Manager, she would ensure that he was NEVER seen and that she thought he was "faking" anyway.

22. On October 3, 2017 the Plaintiff was finally seen and examined by the Nurse Practitioner Debra Tidquist, as well as the Physical Therapist Darin K. They asked what the Plaintiff had been taking for his pain, the Plaintiff informed them that he had been taking asprin if and when he had them. The Plaintiff informed them that he has been experiencing severe pain climbing the steps  in order to reach his room. They provided an Ice bag, no order for o-t-c pain meds, and said that they would see about getting him a bottom bunk and lower tier Restriction, but this did not occur. Right quadricep muscle atrophy noted.

23. The Plaintiff had P/T sessions from October 2017 through approximately March of 2018. The Plaintiff asked the Physical Therapist if he could order an MRI. The P/T guy said that he did not "feel" anything wrong inside [knee]. Although the Plaintiff was suffering from constant severe pain. At some point, the P/T guy eventually did ask medical staff if an MRI was appropriate. Initially, HSU staff said no, then, after contacting Pain Management by way of HSR; the DR. informed P/T that an MRI was in fact appropriate.

24. On April 12, 2018 the Plaintiff had an MRI of his right knee off-site Radiology department. During the examination it was noted that there was right quad muscle atrophy.

25. On May 22, 2018 the Plaintiff had an off-site appointment at

-4-

Gundersen - Sports Med Onalaska. On this date the Plaintiff was seen and treated by Doctors Mitchell and Korey J. Jaminski. The noted problems and diagnosis on this date states: PT with right knee pain with intermittent locking of knee and pain medial side to patella right knee MRI showed small peripheral media/meniscus tear.

26.   On May 22, 2018 during his appointment with Doctors Mitchell and Korey J. Jaminski, it was decided that the treatment options going forward would be conservative management measures of a physical therapy regimen. Additionally, it was agreed that the Plaintiff would receive a corticosteroid injection that day in which he did.

27.   Although the Plaintiff wanted to avoid all surgical intervention, after an appointment on July 31, 2018 at Gundersen - Sports Med Onalaska; DR. Korey J. Jaminski, recommended right knee arthroscopy with medial meniscus repair.

28.   On August 3, 2018 DR. Justin Mitchell performed right knee arthroscopy with partial medial meniscectomy surgery on the Plaintiff. The surgery was completed without any major complications. The Plaintiff was returned to Gundersen for follow-up on August 15, 2018. In addition to instructing the Plaintiff to refrain from playing sports, bearing weight on right knee, and neglecting to wear the knee brace, he was ordered to use "CPM machine" 6-8 hours per day. However, for the first 4-6 weeks the Plaintiff was not provided this CPM machine post surgery. The CPM machine was a device that the Plaintiff was ordered to use to assist in rebuilding the cartilage which was removed from the right knee.

29.   On August 16, 2019 the Plaintiff was again seen by Dr. Mitchell, Ortho Dept. , at Gundersen. At this appointment, the Plaintiff complained of continued pain, right knee grinding and locking. The Plaintiff received another corticosteroid injection.

30.   On December 23, 2019 the Plaintiff was seen by Loria Loyda, MD at the facility. The reason for this appointment is that the Plaintiff had reported that following his surgery in 2018, he had been favoring his left knee which has been causing left knee pain. The assesment plan was having an MRI of the left knee.

31.   Due to the various staff misconduct addressed herein; Plaintiff Seymour has suffered not only physical pain and injuries but psychological injuries as well and he continues to suffer and be subjected to retaliation by HSU staff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

32.   Plaintiff Seymour has properly exhausted his administrative remedies as to all claims. In fact, his complaint on the institutional levels were "AFFIRMED".

## ARGUMENT

33.   A jury may infer deliberate indifference on the basis of a physican's treatment decision [when] the decision [is] so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. Norfleet v. Webster, 439 F.3d 392, 396 (7th Cir. 2006); see also Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014) ("A prisoner may establish deliberate indifference by demonstrating that the treatment he received was 'blatantly inappropriate.'" (citing Greeno v. Daley, 414 F.3d 645, 654 (7th Cir. 2005)).

Allegations of delayed care may rise to the level of an Eighth Amendment violation if the delay caused the inmate's condition to worsen or unnecessarily prolonged his pain. Estelle, 429 U.S. at 104-05; McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) [T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment." Even a few days' delay in addressing a severely painful, but readily treatable condition suffices to state a claim for purposes of the Eighth Amendment. Smith v. Knox County Jail, (7th Cir.); Gonzalez v. Feinerman, (7th Cir.).

34.   The Plaintiff believes that each of the named defendants are liable based on their systematic approach to deny and or delay the proper

-6-

standard of care Seymour was entitled to by way of the Eighth Amendment. ..Which resulted in prolonged pain and suffering as well as permanent right leg and knee damage. The facts simply suggests, that R.N Kostchyz initiated this particular misconduct of failing to treat the Plaintiff and intentionally delaying his care and the other defendants perpetuated the conduct instead of intervening.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, PETER SEYMOUR, request that the Court grant the following:

A.   A declaratory judgement stating that defendants violated Plaintiff's rights under U.S. Constitution.
B.   To order appointment of counsel.
C.   Award compensatory damages, individually and collectively in the amount of $100,000 (one hundred thousand dollars).
D.   Award punitive damages, individually and collectively in the amount of $50,000 (fifty thousand dollars).
E.   Award court cost and fees.
F.   Grant a jury trial (of no less than 12).
G.   Waive any and all up-front filing fees allowing Plaintiff to proceed (in forma pauperis) persuant to 28 U.S.C. § 1915.
H.   Grant any and all other relief this Court determines appropriate.

Dated this 17 day of _____March_____ ,2022.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts stated herein are true and correct and based on personal observations and direct knowledge.

RESPECIFULLY SUBMITTED,

MR. PETER SEYMOUR (#426491)
RGCI
P.O. BOX 925
Redgranite, WI 54970.