IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PETER SEYMOUR,

                Plaintiff,

v.

GEORGIA KOSTCHYZ, DARIN KRYZYANOWSKI,
and DEBRA TIDQUIST,[1]

                Defendants.

OPINION and ORDER

22-cv-170-jdp

    Pro se plaintiff and prisoner Peter Seymour is proceeding on claims under the Eighth Amendment and Wisconsin negligence law against staff at Jackson Correctional Institution related to medical care he received for a knee injury. Seymour moves to amend his complaint to add a claim against an unidentified member of prison medical staff responsible for scheduling medical appointments. Dkt. 15. The court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is still early in the case, and defendants don't oppose the motion. Dkt. 18. So I will accept Seymour's amended complaint. Now I must screen the claims in Seymour's amended complaint, just as I screened his original claims, pursuant to 28 U.S.C. § 1915A.

    Seymour alleges that he submitted a health services request for knee pain in May 2017. *See* Dkt. 16. An unidentified member of prison medical staff scheduled Seymour for an appointment, but the staff member later canceled it. Seymour was scheduled for three additional appointments between May and August 2017 but those appointments were also

---

[1] I have updated the caption to reflect defendants' names as provided in their notice of appearance. Dkt. 5.

canceled or rescheduled. Seymour submitted an inmate complaint alleging that he had been denied medical care, and the complaint was affirmed. *See* Dkt. 16-8. Seymour was finally seen for his knee in October 2017, about five months after his initial request. Seymour alleges that the delay prolonged his pain and caused his quad muscles to atrophy. Dkt. 16, ¶ 6.

To state an Eighth Amendment medical care claim against the unidentified medical appointment scheduler, Seymour must allege facts to show that he or she aware of a serious medical need and consciously failed to take reasonable measures to help him. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A delay in treatment may demonstrate conscious disregard if the delay unnecessarily prolongs the prisoner's pain. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Seymour alleges that the appointment scheduler knew that he was experiencing severe knee pain but continued to cancel his appointments without explanation. Taking the allegations in Seymour's amended complaint as true, I conclude that Seymour has stated a claim against the unidentified defendant. Although "delays are common in the prison setting," *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016), Seymour's allegations plausibly suggest that his delay was the result of defendant's conscious disregard of his medical needs. Seymour's appointments were canceled or rescheduled four times, and he did not receive an appointment until after his grievance was affirmed by the institutional complaint examiner. I will allow Seymour to proceed on an Eighth Amendment claim against the unidentified medical appointment scheduler.

In his original complaint, Seymour stated that he wished to bring negligence claims against all defendants. Under Wisconsin law, a negligence claim includes the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) harm to the plaintiff. *Paul v.*

2

*Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. I will allow Seymour to proceed on a state-law negligence claim against the medical appointment scheduler for the same reason I allowed Seymour to proceed on an Eighth Amendment claim against him or her.

At the court's preliminary pretrial conference, Magistrate Judge Stephen Crocker explained some of the discovery methods litigants use to obtain information from their opponents. I will give Seymour a short time to make discovery requests aimed at identifying the Doe defendant who canceled his appointments. After Seymour obtains that defendant's name, he must submit an amended complaint that adds that person to the caption.

## ORDER

IT IS ORDERED that:

1. Plaintiff Peter Seymour's motion to amend his complaint, Dkt. 15, is GRANTED.

2. Plaintiff is granted leave to proceed on an Eighth Amendment claim and a state-law negligence claim against the Doe medical staff defendant. Plaintiff is now proceeding on Eighth Amendment medical care claims and state-law negligence claims against defendants Georgia Kostchyz, Debra Tidquist, Darin Kryzyanowski, and John/Jane Doe.

3. Plaintiff may have until March 14, 2023, to complete service of his discovery requests aimed at identifying the Doe defendant. Plaintiff may have until April 28, 2023, to submit an amended complaint adding the identity of the Doe defendant.

Entered February 22, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge