IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER SEYMOUR,

                Plaintiff,

v.                                                                OPINION and ORDER

GEORGIA KOSTCHYZ, DARIN KRYZYANOWSKI,           22-cv-170-jdp
DEBRA TIDQUIST, and JOHN/JANE DOE,

                Defendants.

---

Pro se plaintiff and prisoner Peter Seymour is proceeding on claims under the Eighth Amendment and Wisconsin negligence law against staff at Jackson Correctional Institution related to medical care he received for a knee injury. Four motions are before the court, all of which are related to Seymour's efforts to identify an unknown Doe defendant who allegedly canceled several of Seymour's appointments. First, Seymour requests an extension of time to file an amended complaint identifying the Doe defendant. Dkt. 24. Second, Seymour moves to compel defendants to provide the Doe defendant's name. Dkt. 26. Third, Seymour renews his motion for assistance in recruiting counsel, contending that he needs the assistance of an attorney to determine the Doe defendant's identity. Dkt. 25. Fourth, defendants move to stay case deadlines pending a ruling on Seymour's motions. Dkt. 30.

For the reasons that follow, I will order defendants to provide the court with additional information about their efforts to discern the Doe's identity, deny Seymour's motion for assistance recruiting counsel without prejudice, and grant defendants' motion to stay the case.

ANALYSIS

I granted Seymour leave to proceed on several claims related to his medical care. Among other things, Seymour alleged that an unknown member of prison medical staff canceled four of Seymour's appointments to be seen for his knee pain. As a result of the cancellations, Seymour did not see a doctor for his knee pain for five months. Dkt. 21. I concluded that those allegations stated claims against the unidentified medical appointment scheduler. *Id,* at 2–3. I gave Seymour deadlines to: (1) make discovery requests aimed at identifying the Doe defendant who canceled his appointments; and (2) submit an amended complaint adding that person to the caption. *Id.*

Seymour requests an extension of time to file his amended complaint because defendants have not identified the person responsible for canceling his appointments. Dkt. 24. Instead, defendants provided a list of nine employees who scheduled appointments for inmates during the relevant period. Seymour seeks an order compelling defendants to identify the specific staff member who canceled his appointments. Dkt. 26. In response, counsel for defendants provided a declaration stating that, based on conversations with health services and the Department of Corrections' bureau of technology management, "there is no way to discern precisely which health services staff member" canceled or rescheduled Seymour's appointments. Dkt. 29, ¶ 6. At the time relevant to this lawsuit, if an appointment was canceled, it was deleted from the prison's appointment tracking software. Counsel states that the DOC was unable to find any information or metadata related to deleted appointments. *Id.*, ¶¶ 7–8.

I accept counsel's representation that records of Seymour's canceled appointments were deleted as a matter of course. But because Seymour would have to dismiss his claim if he is

2

unable to identify the Doe appointment scheduler, I will direct defendants to provide additional information about their efforts to learn the Doe defendant's identity. I cannot conclude that it is impossible to identify the defendant without more details about what metadata is available. Even if there is no express record of who created or deleted the appointments, other information could help narrow down the staff member responsible, such as the time and date that the appointment was deleted or the computer used to access the database. And there may be records other than the appointment database with relevant information. For example, the decision affirming Seymour's inmate complaint about the canceled appointments in 2017 states that the complaint examiner reviewed Seymour's appointment records. *See* Dkt. 16-8. But it is unclear what specific information the complaint examiner relied on to reach her decision.

    I will give defendants a short time to submit additional materials on this issue. At minimum, defendants should provide evidence about (1) what metadata staff were able to find related to the canceled appointments, if any; and (2) whether there are records other than the appointment database with information about the canceled appointments. A declaration from counsel will not be sufficient; declarations must be from persons with firsthand knowledge. I will review defendants' submissions and determine whether it is appropriate to compel defendants to make further efforts to identify the Doe appointment scheduler. Because defendants' submissions may resolve Seymour's difficulties identifying the Doe defendant, I will deny Seymour's renewed request for assistance recruiting counsel without prejudice.

    As for defendants' motion to stay the case, I will grant that request in part. Once the court determines whether the Doe defendant can be identified, the court will reset the calendar. In the meantime, discovery may continue.

ORDER

IT IS ORDERED that:

1. Plaintiff Peter Seymour's motion for an extension of time, Dkt. 24, is GRANTED.

2. The court withholds a ruling on Seymour's motion to compel, Dkt. 26.

3. Defendants may have until July 18, 2023, to provide additional information about their efforts to identify the Doe defendant.

4. Plaintiff's motion for assistance in recruiting counsel, Dkt. 25, is DENIED without prejudice.

5. Defendants' motion to stay the case, Dkt. 30, is GRANTED in part. Discovery may continue. The court will reset the case deadlines once the court determines whether the Doe defendant can be identified.

Entered June 27, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge