IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER SEYMOUR,

                Plaintiff,

v.                                                      OPINION and ORDER

GEORGIA KOSTCHYZ, DARIN KRYZYANOWSKI,         22-cv-170-jdp
DEBRA TIDQUIST, and JOHN/JANE DOE,

                Defendants.

---

Pro se plaintiff and prisoner Peter Seymour is proceeding on claims under the Eighth Amendment and Wisconsin negligence law related to medical care he received for a knee injury. Before the court is Seymour's motion to compel defendants to provide the name of an unidentified Doe defendant, a member of prison medical staff who allegedly canceled several of Seymour's appointments. In defendants' initial response to the motion, they stated that it was not possible to determine which staff member canceled the appointments because at the time relevant to this lawsuit, canceled appointments were deleted from the prison's appointment tracking software.

I directed defendants to submit additional evidence to address (1) whether there was any available metadata about the canceled appointments; and (2) whether there were records other than the appointment database that might have relevant information about the canceled appointments. Dkt. 31. I told defendants that I would review their submissions and determine whether to compel them to make further efforts to identify the Doe defendant.

Defendants have responded to the court's order. On the issue of the metadata available within Microsoft Access (the program the prison used to track appointments), defendants provided a declaration from Jilayne Kuznicki, a Department of Corrections IT employee.

Kuznicki states that the only available metadata within Microsoft Access is information about when the database was last saved, information about when the database was last accessed, and information about where it is saved in the network server. Dkt. 36, ¶ 23. The program does not keep track of when appointments were created or deleted, which user the appointments were deleted by, or which terminal was used to access the database. *Id.*, ¶¶ 26–27.

As for whether there are records of the canceled appointments other than in the Microsoft Access database, defendants state that they looked for additional information in two places: (1) the email accounts of the nine people who may be the scheduler; and (2) the prison's paper appointment records. A search for emails containing "Peter Seymour," "Seymour," and "426491" (Seymour's ID number) between May and October 2017 produced some emails stating that Seymour had complained about some cancelations. *See* Dkt. 38-1. But the search did not turn up any information about when the appointments were canceled or who canceled them.

The paper record review was performed by Health Service Manager Tammy Maassen. Maassen states that each day, staff would print out paper copies of two appointment lists generated in Microsoft Access: (1) a list of that day's appointments; and (2) an "advance appointment" list showing the schedule for the next few weeks. Dkt. 35, ¶¶ 27–28. Maassen reviewed all of the appointment lists printed in 2017 to see if there were any entries related to Seymour. She discovered an advance appointment list stating that Seymour was scheduled for an appointment on July 12, 2017. Dkt. 35-2. On the list, Seymour's name is crossed out and "18th" is written next to the appointment line. Massen assumes that this means Seymour was rescheduled for July 18. Seymour was not seen by a doctor on the 12th or the 18th. Unfortunately, Maassen does not know when the advance appointment list with Seymour's

name on it was created, which staff member printed it out, or which staff member crossed off Seymour's name and wrote "18th." Although not stated expressly, I infer from Maassen's declaration that this was the only appointment list she discovered with Seymour's name on it. Maassen also went to the prison's on-site storage warehouse to see if there were any older files relevant to Seymour's canceled appointments, and she found none.

In light of defendants' submissions, I will deny Seymour's motion to compel. Defendants and counsel have made adequate efforts to determine the identity of the Doe defendant. The appointment database does not save any relevant metadata about canceled appointments. The paper records had information about only one scheduled appointment for Seymour, and the appointment list doesn't say anything about when the appointment was canceled or who canceled it. I am persuaded that the defendants have performed a thorough review of the available records and that ordering them to conduct further searches would not be productive.

At this point, any additional discovery on this issue would likely have to done through taking depositions of the nine staff members who may be responsible for the cancelations. That leaves the court with two options: (1) dismissing Seymour's claim against the Doe defendant without prejudice or (2) recruiting counsel for Seymour to perform additional discovery. I will not recruit Seymour counsel for that purpose. "[C]ourts must be careful stewards of the limited resource of volunteer lawyers" *Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (quoting *Eagan v. Dempsey*, 987 F.3d 667, 700 (7th Cir. 2021)). It would not be worthwhile to recruit counsel here because there is only a small chance that Seymour could learn the identity of the person or people who canceled the appointments through additional discovery. It is unlikely that the responsible staff member would remember facts about appointments canceled six years

ago. I am also hesitant to recruit counsel because Seymour's underlying claim against the Doe defendant is not a strong one. Courts deciding whether to recruit counsel may consider the merits of the plaintiff's case. *Watts v. Kidman*, 42 F.4th 755, 758 (7th Cir. 2022). Here, Seymour alleged that all of the cancellations were made by the same individual. I concluded that those allegations stated an Eighth Amendment claim because the repeated cancellations suggested that the scheduler consciously disregarded Seymour's medical needs. But it appears that multiple staff members—at least nine—were responsible for scheduling appointments. So it is unlikely that all of Seymour's appointments were canceled by the same person. An individual scheduler's isolated decision to cancel an appointment, without more, would not demonstrate conscious disregard of Seymour's medical needs.

Because Seymour has been unable to learn the identity of the Doe defendant, I will dismiss Seymour's claim against that defendant without prejudice. The case will proceed against the other named defendants.

## ORDER

IT IS ORDERED that:

1. Plaintiff Peter Seymour's motion to compel, Dkt. 26, is DENIED.

2. The stay is LIFTED. The clerk of court is directed to schedule a conference with Magistrate Judge Stephen Crocker to reset the remaining case deadlines.

Entered August 3, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge